UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH ANDERSON,

                    Plaintiff,

          -against-

BOY SCOUTS OF AMERICA & GREATER NEW
YORK COUNCILS, BOY SCOUTS OF AMERICA,

                    Defendants.

20-CV-1981 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Keith Anderson filed this action on March 5, 2020. ECF No. 1. On February 26, 2026, Plaintiff filed two Notices of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF Nos. 37–38. Plaintiff attempted to dismiss the action "with prejudice, without costs or attorneys' fees to any party." *Id.* However, on February 27, 2026, there were two notices of deficiencies entered on the docket, noticing Plaintiff's counsel as to filing deficiencies as to both Notices of Voluntary Dismissal. Although the notices directed Plaintiff's counsel to re-file the Notices of Voluntary Dismissal, Plaintiff has yet to so re-file.

On April 13, 2026, the Court ordered Plaintiff to file, by April 30, 2026, a letter showing good cause as to why Plaintiff has failed to prosecute this case or otherwise comply with the Court's orders. ECF No. 40. The Court informed Plaintiff that if he did not respond to its April 13, 2026 Show Cause Order, the Court would dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). To date, Plaintiff has not filed any response to the Court's April 13, 2026 Show Cause Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.

2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. Despite having notice of the deficiencies in his Notice of Voluntary Dismissal, Plaintiff failed to re-file his notice for over two months. Similarly, Plaintiff failed to comply with the Court's Order to Show Cause for over two weeks. Plaintiff was on notice that failure to comply would result in dismissal. *See* ECF No. 40. Finally, Plaintiff's attempts to voluntarily dismiss this action, though unsuccessful, clearly show that the equities and judicial efficiency weigh in favor of dismissing this case. *See* ECF Nos. 37–38.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated:  May 1, 2026
        White Plains, New York

                                            SO ORDERED.

                                            *Jessica Clarke*
                                            _____
                                            JESSICA G. L. CLARKE
                                            United States District Judge

2